UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L.,[1] <br>                 Plaintiff, <br>     v. <br> ANDREW SAUL,[2] Commissioner of Social Security, <br>                 Defendant. | Case No. EDCV 18-966-KK <br><br> ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

**I.**

**INTRODUCTION**

Plaintiff Jose L. ("Plaintiff")'s counsel, William M. Kuntz of William Kuntz Law Offices PLC ("Counsel"), filed a Motion for Attorney Fees ("Motion") pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). The Motion seeks an award of $14,244.00 for representing Plaintiff in an action to obtain disability insurance benefits, with a refund to Plaintiff of $744.01 for the Equal Access to Justice Act ("EAJA") fees previously awarded. The parties have consented to the jurisdiction of the undersigned

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Court substitutes Andrew Saul, the current Commissioner of Social Security, as Defendant in this action. Fed. R. Civ. P. 25(d).

United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court GRANTS the Motion.

## II.
## RELEVANT BACKGROUND

On May 6, 2018, Plaintiff filed the Complaint in this action. ECF Docket No. ("Dkt.") 1, Compl. Plaintiff alleged the Commissioner of the Social Security Administration ("Defendant") improperly denied Plaintiff's application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income Benefits ("SSI"). Id. On March 20, 2019, the Court entered Judgment remanding the case for further administrative proceedings. Dkt. 25, Order; Dkt. 26, Judgment.

On June 18, 2019, the Court issued an order granting Counsel's Motion for EAJA Fees awarding fees to Counsel in the amount of $ 2,616.13.[3] Dkt. 24, Order Granting EAJA Fees.

On August 15, 2020, Counsel filed the instant Motion pursuant to Section 406(b) seeking attorney fees in the amount of $14,244.00. Dkt. 29, Mot. Counsel states 12 hours and 55 minutes of attorney time were spent representing Plaintiff in federal court. Dkt. 29 at 21-22, Declaration of William M. Kuntz ("Kuntz Decl."), ¶ 5, Ex. 4. Counsel seeks compensation pursuant to a contingency agreement dated June 8, 2017, which provides that if Plaintiff prevails in federal court, Counsel is entitled to twenty-five percent (25%) of the past due benefits. Id., ¶ 2, Ex. 1.

On August 15, 2020, Counsel served Plaintiff with the Motion and informed him that he had a right to file a response to the Motion within fourteen days of receipt of his copy of the Motion. Dkt. 29 at 2, 23. Plaintiff has not filed a response to the Motion.

---

[3] $1,872.12 was withheld from the $2,616.13 EAJA award in satisfaction of Plaintiff's prior debt, resulting in a net payment to Counsel of $744.01. Dkt. 28, Mot. at 1-2, Ex. 8.

2

On August 18, 2020, Defendant filed a Response to the Motion. Dkt. 30. Defendant provides an analysis of the fee request but "takes no position on the reasonableness fee request." Id. at 5.

The matter thus stands submitted.

## III.
## DISCUSSION

**A.  APPLICABLE LAW**

Pursuant to Section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Id. at 793. A court should not use a "lodestar method," under which a district court "determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). Rather, where the claimant and counsel entered into a lawful contingent fee agreement, courts that use the "lodestar" method as the starting point to determine

3

the reasonableness of fees requested under Section 406(b) improperly "reject the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. Thus, courts should not apply lodestar rules in cases where the claimant and counsel reached a contingent fee agreement because:

> [t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all.

Crawford, 586 F.3d at 1149.

However, even in contingency fee cases, a court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." Id. The court must examine "whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits in determining whether a lawful contingent fee agreement is reasonable. See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1151.

Additionally, the Court must determine whether a previously awarded EAJA fee should be refunded to Plaintiff in the event both Section 406(b) and EAJA fees are awarded. "Congress harmonized fees payable by the [Agency] under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Gisbrecht, 535 U.S. at 796.

## B. ANALYSIS

Here, Counsel seeks a reasonable fee under Section 406(b). Plaintiff retained Counsel to represent him in federal court in an appeal from the administrative denial of benefits and agreed to pay Counsel a contingent fee of twenty-five percent of any past due benefits obtained for work performed in court. See Kuntz Decl., Ex. 1. Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Counsel seeks.

The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay by Counsel. Counsel obtained a favorable outcome for Plaintiff, ultimately resulting in a remand for further administrative proceedings and an award of past due benefits. See dkt. 25, Judgment; Kuntz Decl., ¶ 4, Exs. 3A, 3B. Further, the time expended to litigate this case, i.e. approximately 13 hours, was reasonable and within the approved range for social security disability cases. See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range").

In addition, a fee of $14,244.00 based on approximately 13 hours of attorney time is reasonable. See Kuntz Decl., ¶ 5, Ex. 4. The Court finds Counsel's effective hourly rate of approximately $1,102.48[4] reasonable under the circumstances. See Villa v. Astrue, No. CIV S-06-0846 GGH, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing [Section] 406(b) fees after Crawford is a dicey business"). Further, post-Gisbrecht decisions have approved contingency fee agreements yielding substantially higher hourly rates to the rate Counsel seeks. See, e.g., Daniel v. Astrue, No. EDCV 04-01188-MAN, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees

---

[4] The Court's calculation is achieved by dividing $14,244.00 by 12.92 hours of time.

amounting to $1,491.25 per hour); see also Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (finding "an hourly rate of $1,546.39 for attorney and paralegal services" is reasonable).  Hence, in light of the hours Counsel expended, the Section 406(b) fee award amount Counsel requests would not represent an unfair windfall to Counsel.

Additionally, nothing in the record suggests any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing Plaintiff.  Counsel assumed the risk of nonpayment inherent in a contingency agreement and Counsel's efforts proved successful for Plaintiff.  Accordingly, the Court finds the Section 406(b) fees Counsel requests reasonable.

## IV.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** (1) Counsel's Motion for Attorney Fees Pursuant to Section 406(b) is **GRANTED**; (2) Defendant is directed to pay Counsel the sum of $14,244.00 with a reimbursement to Plaintiff for EAJA fees previously awarded in the amount of $744.01.

Dated: September 09, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge